**FILED**

**October 12, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:38 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| Shawn Sirkin, | )    Docket No.: 2015-08-0292 |
|      Employee, | ) |
| v. | )    State File Number: 44984-2015 |
| Trans Carriers, Inc. | ) |
|      Employer, | )    Judge Jim Umsted |
| And | ) |
| Great American Insurance, | ) |
|      Insurance Carrier. | ) |
| | ) |

## ORDER DENYING EMPLOYEE'S REQUEST FOR EXPEDITED HEARING

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing (REH) filed by the employee, Shawn Sirkin, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is whether Ms. Sirkin has complied with the procedural requirements that permit the Court to consider the merits of her REH. The central legal issue is whether Ms. Sirkin has filed a sufficient supporting affidavit with her REH. For the reasons set forth below, the Court finds that Ms. Sirkin failed to file a valid supporting affidavit with her REH, and, accordingly, her REH must be denied.

## History of Claim

Ms. Sirkin is a fifty-five year-old resident of Toledo, Ohio. She allegedly sustained a shoulder injury on May 20, 2015, while working as a truck driver for Trans-Carriers, Inc. Trans-Carriers denied the claim on grounds of compensability.

Ms. Sirkin filed a Petition for Benefit Determination (PBD) seeking temporary disability benefits and medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN) on September 1, 2015. On September 23, 2015, Ms. Sirkin filed a REH accompanied by her unsigned and unsworn "affidavit." The REH requested that the assigned judge issue a ruling based on a review of the file without an evidentiary hearing.

1

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Before considering the merits of Ms. Sirkin's REH, it is necessary to determine if she complied with the procedural requirement of filing a supporting affidavit with her REH. Trans-Carriers argues that Ms. Sirkin's REH should be denied because she failed to file a supporting affidavit as required by Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015).

In support of her REH, Ms. Sirkin filed an unsigned and unsworn form entitled "affidavit." The controlling regulation, Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a), provides as follows:

> (1) After a case is placed on the docket, if there is a dispute over temporary disability or medical benefits, either party may request an expediting [sic] hearing of the issue of temporary disability or medical benefits by indicating its desire for an expedited hearing on the request for hearing form or by a [sic] filing a separate motion. The indication of the desire for an expedited hearing on the request for hearing form shall serve as the motion for expedited hearing.
>
> (a) *All* motions for expedited hearing *must* be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits.

Rule 5 of the Court of Workers' Compensation Claims' Practice and Procedures explains the sufficiency of an affidavit as follows:

Rule 5. Affidavits

2

5.01 Submission of Affidavits with Request for Expedited Hearing

Pursuant to Rule 0800-02-21-.14(1)(a), all motions concerning the provision of temporary disability or medical benefits on an expedited basis and requests for expedited hearing must be accompanied by affidavits and other evidence demonstrating that the moving party is entitled to the benefits or relief sought. Declarations made under penalty of perjury pursuant to Tennessee Rules of Civil Procedure, Rule 72 are acceptable. Affidavits or declarations shall not be admissible at the Compensation Hearing.

5.02 Content

The affidavit or declaration shall set forth a written, sworn statement of facts demonstrating that the moving party is entitled to the benefits or relief sought. The affidavit or declaration shall be voluntarily made by an affiant, under an oath or affirmation administered by a person authorized to do so by law or in compliance with Rule 72 of the Tennessee Rules of Civil Procedure. The execution of an affidavit must be witnessed as to the authenticity of the affiant's *signature* by the taker of the oath, who must provide a written acknowledgment of the authenticity of the affiant's signature. Affidavits that do not meet the requirements of a sworn statement or declarations that do not meet the requirements of Rule 72 shall not be introduced as evidence and will not be considered by the Judge.

Court of Workers' Compensation Claims Practice and Procedure, §§ 5.01, 5.02 (2015) (emphasis added). Ms. Sirkin's unsigned and unsworn "affidavit" does not meet the requirements of an affidavit under the Court's rules or of a Rule 72 declaration. *See* Tenn. R. Civ. P. 72.

The next question is whether Ms. Sirkin can proceed on her REH without filing a valid supporting affidavit. This issue was considered in *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *7 (Tenn. Workers' Comp. App. Bd. May 18, 2015), where the Appeals Board ruled that the trial court should have denied that employee's Request for Expedited Hearing due to his failure to file a supporting affidavit in compliance with Rule 0800-02-21-.14(1)(a). The Court explained:

The answer to this question can be found in the plain language of the regulation, which states that "*[a]ll* motions for expedited hearing *must* be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." (Emphasis added.) The word "all" means "all and not some, or a part, or a

3

portion, or a few." *State v. Good Times, Ltd.*, No. E2007-1172-COA-R3-CV, 2008 Tenn. App. LEXIS 551, at *11 (Tenn. Ct. App. Sept. 23, 2008). The word "must" means "that the requirement is mandatory and not discretionary." *In re Dow Corning Corp.*, No. 00-00001, 2009 U.S. Dist. LEXIS 27179, at *3 (E.D. Mich. Mar. 31, 2009).

. . .

In short, Rule 0800-02-21-.14(1)(a) cannot be reasonably construed as applying only to those situations where the party requesting an expedited hearing does not intend to testify at the hearing. Giving the terms "all" and "must" their plain and ordinary meaning, as we must, we are compelled to conclude that the trial court incorrectly determined the filing of an affidavit is unnecessary when the party seeking an expedited hearing testifies at the hearing. Because the trial court's decision is inconsistent with the plain meaning of the language of the regulation, it must be set aside as lacking legal support. *See Patterson v. Prime Package & Label Co.*, No. M2013-01527-WC-R3-WC, 2014 Tenn. LEXIS 1037, at *5 (Tenn. Workers' Comp. Panel Dec. 22, 2014) ("When a statute's language is clear and unambiguous, we will apply its plain meaning and go no further.").

*Id.* at *9, 12-13.

For the foregoing reasons, the Court holds that Ms. Sirkin failed to file a valid supporting affidavit with her REH, and accordingly, her request for hearing must be denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Sirkin's Request for Expedited Hearing is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on December 16, 2015 at 10:00 a.m. Central time.

**ENTERED this the 12th day of October, 2015.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

4

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of October, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Shawn Sirkin, Employee | X | | | 2 West Poinsetta Ave. Toledo, Ohio 43612 |
| B. Duane Willis, Esq., Employer's Counsel | | | X | dwillis@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6

## APPENDIX

<u>Exhibits:</u>

1. Medical Records
   a. Northwest Ohio Urgent Care
   b. Deborah Duda, NP at BWC-North
   c. Arshad Husain, MD at BWC-North
2. Copies of texts/emails submitted by Ms. Sirkin
3. Form from Ohio Bureau of Workers' Compensation-Physician's Report of Work Ability
4. Form-Notice of Denial
5. Form-Wage Statement
6. Driver History Report
7. Affidavits submitted by Employer
   a. Teresa Talley
   b. Jennifer Mohundro
   c. Kathy Ward
8. Employer-employee text messages

<u>Technical record:</u>[i]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with unsigned and unsworn "Affidavit"
4. Employer's Response to Employee's Petition for Benefit Determination

---

[i] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.